**FILED**

AUG - 7 2000

Phil Lombardi, Clerk
U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

JAMIE MEYERS, )
)
    Plaintiff, )  00CV0674H (M)
)
vs. ) Case No.
)
THE CITY OF TULSA, a municipal )
corporation, THE FRATERNAL ORDER )
OF POLICE CREDIT UNION, )
)
    Defendants. )

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§1331, 1441 and 1446, Defendant City of Tulsa, Oklahoma, hereby removes this action from the District Court of Tulsa County, Oklahoma, wherein it is titled and filed as: *Jamie Meyers vs. The City of Tulsa, a municipal corporation, The Fraternal Order of Police Credit Union*, Case No. CJ 2000-3593. As grounds for removal, said Defendant further states:

1. Plaintiff filed the original petition in this matter on July 26, 2000.

2. Defendant City of Tulsa was served with a summons and copy of the amended petition on August 3, 2000.

3. At the time of the filing of Plaintiff's petition and at the present time Defendant City of Tulsa was and is a municipal corporation duly organized and existing under the laws of the State of Oklahoma, with its situs of government and principal place of business located in Tulsa, Oklahoma.

4. Copies of all process, pleadings and the docket sheet on file with the Tulsa County District Court Clerk as of the date of this notice are attached hereto as Exhibit "A."

5. This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. §1331 and supplemental jurisdiction under the provisions of 28 U.S.C. §1367(a).

6. Under the provisions of 28 U.S.C. §1441(a)(b) and (c), the right exists to remove this cause from the District Court of Tulsa County, Oklahoma, to the United States District Court for the Northern District of Oklahoma, which embraces the location wherein this action is pending.

7. 28 U.S.C. §1331 vests original jurisdiction in this Court because Plaintiff has alleged violations of civil rights under various sections of the Constitution of the United States.

8. Defendant City of Tulsa is the only defendant subject to federal law claims.

9. This notice of removal is filed within thirty (30) days after service upon Defendant City of Tulsa, and is timely under 28 U.S.C. §1446(b).

10. Written notice of the filing of this Notice of Removal was mailed to counsel for the Plaintiff this day pursuant to 28 U.S.C. §1446(d).

11. A copy of this Notice of Removal was filed this day with the Clerk of the District Court of Tulsa County this day pursuant to 28 U.S.C. §1446(d).

CITY OF TULSA, OKLAHOMA
a municipal corporation

By _____
Larry V. Simmons, OBA 10960
Deputy City Attorney
200 Civic Center, Room 316
Tulsa, Oklahoma 74103
(918) 596-7717

## CERTIFICATE OF SERVICE

I certify that on the same date this Notice of Removal was filed in the United States District Court for the Northern District of Oklahoma, a true and correct copy of said Notice of Removal was served upon the above-named Plaintiff by mailing said copies to Dale Ellis, Attorney at Law, P.O. Box 2854, Tulsa, Oklahoma 74101, and further that a copy of said Notice of Removal was delivered to the Court Clerk of Tulsa County, Oklahoma, Tulsa County Courthouse, for filing that same date.

Larry V. Simmons

EXHIBIT **A**

 The Oklahoma Court Information System

The information contained in this report is provided in compliance with the Oklahoma Open Records Act, 51 O.S. § 24A.1. Use of this information is governed by this act, as well as other applicable state and federal laws.

## IN THE DISTRICT COURT IN AND FOR TULSA COUNTY, OKLAHOMA

| JAMIE MEYERS, Plaintiff, v. CITY OF TULSA, Defendant, and FRATERNAL ORDER OF POLICE CREDIT UNION, Defendant. | Case No. CJ-2000-3593 (Civil relief more that $10k) Filed: 07/26/2000 |
|---|---|

## Docket

| Date | Code | Count | Party | Serial # | Entry Date | User Name |
|---|---|---|---|---|---|---|
| 07/25/2000 | O | nonspecific | nonspecific | 39781867 | Jul 26 2000 10:04:01:260AM | OSCN\UteDavis |
| | Order/7-25-00/ CENTURY | | | | | |
| 07/26/2000 | TEXT | nonspecific | nonspecific | 39781253 | Jul 26 2000 9:23:09:000AM | OSCN\UteDavis |
| | Civil relief more that $10k Initial Filing. | | | | | |
| 07/26/2000 | OTHER | nonspecific | nonspecific | 39781254 | Jul 26 2000 10:04:35:583AM | OSCN\UteDavis |
| | CIVIL RIGHTS | | | | | |
| 07/26/2000 | PFE1 | nonspecific | nonspecific | 39781255 | Jul 26 2000 9:23:10:303AM | SYSTEM\Autodocket |
| | PETITION($ 69.00) | | | | | |
| 07/26/2000 | PFE7 | nonspecific | nonspecific | 39781256 | Jul 26 2000 9:23:10:303AM | SYSTEM\Autodocket |
| | LAW LIBRARY FEE($ 3.00) | | | | | |
| 07/26/2000 | DMFE | nonspecific | nonspecific | 39781257 | Jul 26 2000 9:23:10:303AM | SYSTEM\Autodocket |
| | DISPUTE MEDIATION FEE($ 2.00) | | | | | |
| 07/26/2000 | CHAB | nonspecific | nonspecific | 39781258 | Jul 26 2000 9:23:10:303AM | SYSTEM\Autodocket |
| | Child Abuse Multidisciplinary Fee($ 10.00) | | | | | |
| 07/26/2000 | SMIMA | nonspecific | nonspecific | 39781259 | Jul 26 2000 9:23:46:150AM | OSCN\UteDavis |
| | SUMMONS ISSUED - MAILED BY ATTORNEY (2) | | | | | |
| 07/26/2000 | SMF | nonspecific | | 39781260 | Jul 26 2000 9:23:10:570AM | OSCN\Ms. Ute Davis |
| | SUMMONS FEE (CLERKS FEE)($ 10.00) | | | | | |
| 07/26/2000 | ACCOUNT | nonspecific | | 39781274 | Jul 26 2000 9:25:00:943AM | OSCN\UteDavis |
| | Receipt # 2000-85686 on 07/26/2000. Payor: DALE ELLIS Total Amount Paid: $ 94.00. Line Items: CJ-2000-3593: $79.00 on AC01 CLERK'S FEES Civil and Criminal. CJ-2000-3593: $3.00 on AC23 (Formerly AC03 CV) LAW LIBRARY FEE Civil and Criminal. CJ-2000-3593: $2.00 on AC64 (Formerly AC13) Dispute Mediation Fees Civil Only. CJ-2000-3593: $10.00 on AC69 CHILD ABUSE MULTIDISCIPLINARY FEE. | | | | | |
| 08/01/2000 | AMP | nonspecific | nonspecific | 39817880 | Aug 1 2000 4:04:04:093PM | OSCN\LindaHall |
| | Amended Petition BY ATTY DALE ELLIS FOR PLTF | | | | | |
| 08/03/2000 | SMF | nonspecific | nonspecific | 39833560 | Aug 3 2000 4:24:20:190PM | OSCN\DebraAkins |
| | SUMMONS FEE AC01 5.00($ 5.00) | | | | | |
| 08/03/2000 | SMIMA | nonspecific | nonspecific | 39833563 | Aug 3 2000 4:24:27:533PM | OSCN\DebraAkins |
| | SUMMONS ISSUED - MAILED BY ATTORNEY | | | | | |
| 08/03/2000 | ACCOUNT | nonspecific | | 39833569 | Aug 3 2000 4:25:28:000PM | OSCN\DebraAkins |

Receipt # 2000-91528 on 08/03/2000.
Payor: DALE ELLIS Total Amount Paid: $ 5.00.
Line Items:
CJ-2000-3593: $5.00 on AC01 CLERK'S FEES Civil and Criminal.

Report Generated by the Oklahoma Court Information System at August 07, 2000 15:24:04.
End of Transmission.

I, Sally Howe Smith, Court Clerk, for Tulsa County, Oklahoma, hereby certify that the foregoing is a true, correct and full copy of the instrument herewith set out as appears on record in the Court Clerk's Office of Tulsa County, Oklahoma, this

AUG - 7 2000

By _Hazel Harper_
  Deputy

IN THE DISTRICT COURT IN AND FOR TULSA COUNTY
STATE OF OKLAHOMA

Jamie Myers )
      Plaintiff, )
)
vs. ) Case no. CJ-2000-3593
) Judge Wiseman
THE CITY OF TULSA, a municipal )
corporation, THE FRATERNAL )
ORDER OF POLICE CREDIT )
UNION, )

      Defendants.     (Jury Trial Demanded)

## AMENDED PETITION

### STATEMENT OF FACTS

This action is brought by Jamie Meyers for violation of her civil rights under the fourth and fourteenth amendments under the Constitution of the United States of America. Plaintiff is also seeking damages for supplemental claims of assault and battery, negligence, intentional infliction of emotional distress and false imprisonment.

The cause of action arises from an incident wherein Jamie Meyers traveled to the local Fraternal Order of Police Credit Union, within the City of Tulsa, Tulsa County, State of Oklahoma. After the plaintiff conducted business within the credit union she exited the building and placed items in her purse, removed the keys to her automobile, placed her sunglasses on her head, and started the automobile when she noticed a Tulsa Police Officer acting under color of his position, pointing a gun at her from the front of the credit union. A lone male had robbed the credit union after plaintiff exited the building. A credit union employee negligently pointed out Meyers' automobile as the one containing the male who had robbed the credit union, without in fact, having that knowledge. The

officer then in turn in an attempt to apprehend and arrest the plaintiff, without first communicating any commands; without verifying her identity; without ascertaining whether she was a threat to him or others; without determining whether she had a weapon; without determining whether she was in fact the robber; without assessing the risk of firing to others; wrongly fired his weapon striking Plaintiff with a bullet that traveled through her arm and shoulder lodging near her neck. The acts of the agent of the FOP Credit Union contributed to the wrongful arrest/detention of the plaintiff. The acts of the Tulsa Police officer together with the acts of persons on behalf of the FOP credit union, caused great and severe bodily injury both temporary and permanent, emotional distress, past and future medical expenses, scarring along with other damages.

## JURISDICTION

1. Jurisdiction is conferred by *Title 28 U.S.C. sec. 1343*, which provides for original jurisdiction of this Court in suits authorized by *Title 42, U.S.C. sec. 1983*, to redress the deprivation under color of state law, statute ordinance, regulation, custom or usage of any right, privilege or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens or all persons within the jurisdiction of the United States.

2. Plaintiff further invokes the supplemental jurisdiction of this court to hear and decide claims arising under state law. *Title 28 U.S.C.A. sec. 1367*.

3. Plaintiffs' action for damages is authorized by:

    (a) *Title 42 U.S.C. sec. 1983,* which provides for redress for the deprivation under color of any statute, ordinance, regulation, custom or usage of any state or territory of any rights, privileges or

-3-

      immunities secured to all the citizens or persons within the jurisdiction of the United States;

(b)  The fourth and fourteenth amendments to the Constitution of the United States;

(c)  There may be other causes of action, either under federal or state law, which are unknown to the Plaintiffs at this time but may be ascertained by discovery and asserted at a later time; and

(d)  Plaintiff's application for attorney fees herein is authorized by *Title 42 U.S.C. sec. 1988* which provides that a Court may award a reasonable attorney fee as part of costs in any action or proceeding to enforce a provision of *Title 42 U.S.C sec. 1983*.

The plaintiff is a resident of Tulsa County State of Oklahoma. The City of Tulsa is a Municipal Corporation, located within Tulsa County, State of Oklahoma. The Fraternal Order of Police Credit Union transacts business within Tulsa County State of Oklahoma and its principal place of business is within Tulsa County State of Oklahoma. The acts complained of herein occurred in Tulsa County, State of Oklahoma. Therefore jurisdiction is proper and correct.

  The acts of the defendants herein were wanton, reckless, deliberate, and cruel, which justifies the award of punitive damages against the defendants.

  The plaintiff reserves the right to amend and file additional causes of actions pursuant to the Oklahoma Tort Claims Act when the appropriate time periods have passed.

  The plaintiff prays that this honorable court award her actual damages in excess of $10,000.00 against each defendant jointly and severally against each of the defendants. Punitive damages in excess of $10,000.00, all the costs of this action herein accrued and accruing, a reasonable attorney's fee and to any other relief to which she may be entitled whether at equity or law.

Respectfully Submitted,

_____
Dale Ellis OBA #12280
2624 E. 21st Street
Suite One
Tulsa, OK 74114
918-742-0895

-5-

# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| Jamie Meyers<br>      Plaintiff, | ) ) ) |
| vs. | ) Case no. ) |
| THE CITY OF TULSA, a municipal corporation, THE FRATERNAL ORDER OF POLICE CREDIT UNION, | ) ) ) ) ) |
|       Defendants. | (Jury Trial Demanded) |

CJ 2000 03593

## PETITION

### STATEMENT OF FACTS

This action is brought by Jamie Meyers for violation of her civil rights under the fourth and fourteenth amendments under the Constitution of the United States of America. Plaintiff is also seeking damages for supplemental claims of assault and battery, negligence, intentional infliction of emotional distress and false imprisonment.

The cause of action arises from an incident wherein Jamie Meyers traveled to the local Fraternal Order of Police Credit Union, within the City of Tulsa, Tulsa County, State of Oklahoma. After the plaintiff conducted business within the credit union she exited the building and placed items in her purse, removed the keys to her automobile, placed her sunglasses on her head, and started the automobile when she noticed a Tulsa Police Officer acting under color of his position, pointing a gun at her from the front of the credit union. The credit union had been robbed by a lone male after plaintiff exited the building. A credit union employee negligently pointed out Meyers' automobile as

the one containing the male who had robbed the credit union, without in fact, having that knowledge. The officer then in turn in an attempt to apprehend and arrest the plaintiff, without first communicating any commands; without verifying her identity; without ascertaining whether she was a threat to him or others; without determining whether she had a weapon; without determining whether she was in fact the robber; without assessing the risk of firing to others; wrongly fired his weapon striking Plaintiff with a bullet that traveled through her arm and shoulder lodging near her neck. The acts of the agent of the FOP Credit Union contributed to the wrongful arrest/detention of the plaintiff. The acts of the Tulsa Police officer together with the acts of persons on behalf of the FOP credit union, caused great and severe bodily injury both temporary and permanent, emotional distress, past and future medical expenses, scarring along with other damages.

## JURISDICTION

1. Jurisdiction is conferred by *Title 28 U.S.C. sec. 1343*, which provides for original jurisdiction of this Court in suits authorized by *Title 42, U.S.C. sec. 1983*, to redress the deprivation under color of state law, statute ordinance, regulation, custom or usage of any right, privilege or immunity secured by the Constitution of the United States or by any act of Congress providing for equal rights of citizens or all persons within the jurisdiction of the United States.

2. Plaintiffs further invokes the supplemental jurisdiction of this court to hear and decide claims arising under state law. *Title 28 U.S.C.A. sec. 1367*.

3. Plaintiffs' action for damages is authorized by:

   (a) *Title 42 U.S.C. sec. 1983* which provides for redress for the deprivation under color of any statute, ordinance, regulation, custom or usage of any state or territory of any rights, privileges or immunities secured to all the citizens or persons within the jurisdiction of the United States;

   (b) The fourth and fourteenth amendments to the Constitution of the United States;

   (c) There may be other causes of action, either under federal or state law, which are unknown to the Plaintiffs at this time but may be ascertained by discovery and asserted at a later time; and

   (d) Plaintiff's application for attorney fees herein is authorized by *Title 42 U.S.C. sec. 1988* which provides that a Court may award a reasonable attorney fee as part of costs in any action or proceeding to enforce a provision of *Title 42 U.S.C sec. 1983*.

The plaintiff is a resident of Tulsa County State of Oklahoma. The City of Tulsa is a Municipal Corporation, located within Tulsa County, State of Oklahoma. The Fraternal Order of Police Credit Union transacts business within Tulsa County State of Oklahoma and its principal place of business is within Tulsa County State of Oklahoma. The acts complained of herein occurred in Tulsa County, State of Oklahoma. Therefore jurisdiction is proper and correct.

The acts of the defendants herein were wanton, reckless, deliberate, and cruel, which justifies the award of punitive damages against the defendants.

The plaintiff reserves the right to amend and file additional causes of actions pursuant to the Oklahoma Tort Claims Act when the appropriate time periods have passed.

The plaintiff prays that this honorable court award her actual damages in excess of $10,000.00 against each defendant jointly and severally against each of the defendants. Punitive damages in

excess of $10,000.00, all the costs of this action herein accrued and accruing, a reasonable attorney's fee and to any other relief to which she may be entitled whether at equity or law.

Respectfully Submitted,

_____
Dale Ellis OBA #12280
2624 E. 21st Street
Suite One
Tulsa, OK 74114
918-742-0895